# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REGGIE DUANE JOHNSON,<br><br>Defendant. | Case No. CR12-3042<br><br>ORDER FOR PRETRIAL DETENTION |

On the 28th day of September, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Special Assistant United States Attorney Amy M. Koopmann. The Defendant appeared personally and was represented by his attorney, Raphael M. Scheetz.

## I. RELEVANT FACTS AND PROCEEDINGS

On September 18, 2012, Defendant Reggie Duane Johnson was charged by Indictment (docket number 2) with conspiracy to distribute methamphetamine (Count 1) and possession with intent to distribute methamphetamine (Count 2). At the arraignment on September 25, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on November 26, 2012.

Frank Hodak, a narcotics investigator with the Cerro Gordo County Sheriff's Office, testified regarding the circumstances underlying the instant charge.[1] On July 26, 2012, law enforcement authorities received a confidential tip that Defendant was possibly selling narcotics in Mason City, Iowa. Defendant's vehicle was observed at a restaurant parking lot, and law enforcement set up surveillance on the vehicle. While surveilling

---

[1] Hodak is currently assigned to the North Central Iowa Narcotics Task Force.

1

Defendant's vehicle, another vehicle pulled up next Defendant's pickup truck. Defendant and another individual, Christopher Bell, exited the restaurant and went to Defendant's vehicle. Defendant got something out the pickup and gave it to Bell. Bell then gave something to Crystal Card, the woman in the car that pulled up next to Defendant's truck. Bell retrieved money from the trunk of Card's vehicle and gave it to Defendant. Both vehicles exited the parking lot.

Law enforcement stopped Defendant and arrested him on outstanding arrest warrants for failure to pay child support and driving while barred. Defendant's vehicle was searched and 14.45 grams of methamphetamine were found inside the truck. Defendant was interviewed by law enforcement, and admitted possessing the drugs found in his vehicle. He also told officers that he intended to sell the drugs. Defendant stated that he owed $1200 to someone in Rochester, Minnesota, where he purchased the drugs.

According to the pretrial services report, Defendant is 32 years old. He was born in Hampton, Iowa, and has lived in northeast Iowa his entire life. Defendant currently resides with his parents in Hampton, and would return to their home if released. Defendant has never been married, but has one child from a prior relationship. The child lives with his mother in Hampton. Defendant has been employed by his father at Rick's Roofing for the past four years.

Defendant is in good physical health, and reports no history of mental or emotional health concerns. Defendant told the pretrial services officer that he "rarely" smokes marijuana, but has smoked it in the past one to two months. According to Defendant, he has used methamphetamine once or twice per month since he was 18. He last used methamphetamine in August 2012.

Defendant has an extensive criminal record. On May 16, 1997, Defendant (who was then 17 years old) was charged with OWI, driving with a suspended license, and public urination. The next day, Defendant was charged with public intoxication and making a false report to law enforcement authorities. He was convicted of OWI, driving

while suspended, and public intoxication. The public urination and false report to law enforcement authorities charges were dismissed.

In 1998, Defendant was charged and later convicted of possession of alcohol by a minor. In 1999, Defendant was charged and later convicted of trespass. In 2001, Defendant was charged and later convicted of OWI, second offense. In 2003, Defendant was charged with possession of a controlled substance and possession of drug paraphernalia. He was convicted on the possession of a controlled substance charge and the possession of drug paraphernalia charge was dismissed.

On March 23, 2009, Defendant was charged with third degree harassment. That charge was later dismissed. While that charge was pending, however, Defendant was charged with harassment by communications, assault, and a second harassment by communications. He was convicted on one of the harassment charges and the assault.

In November 2009, Defendant was charged and later convicted of driving while barred. In December 2009, Defendant was charged with a controlled substance violation. In that case, Defendant failed to comply with pretrial services, and an arrest warrant was issued, with Defendant arrested six days later. The case was ultimately dismissed.

On July 26, 2010, while the driving while barred and controlled substance violation charges were pending, Defendant was charged and later convicted of purchasing 7,500 grams of pseudoephedrine. On November 3, 2010, while the pseudoephedrine case was pending, Defendant was charged and later convicted of possession of drug paraphernalia.

On January 5, 2011, while the pseudoephedrine charge remained pending, Defendant was charged with domestic abuse assault causing bodily injury and fifth degree criminal mischief. While those charges were pending, Defendant was charged with interference with official acts. Defendant was convicted in the domestic abuse case and the interference case. The criminal mischief case is pending. In November 2011, Defendant failed to appear for a probation revocation hearing in the domestic abuse case. An arrest warrant was issued and Defendant was arrested more than four months later.

On February 4, 2012, while the warrant was outstanding for his arrest in the domestic abuse assault charge, Defendant was charged and later convicted of failure to affix tax stamp. He was given a 5-year suspended prison sentence and 2 years probation. On July 26, 2012, two months after being placed on probation, Defendant was arrested on the incident giving rise to the instant charges.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized

4

involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed

5

a firearm in furtherance of a drug trafficking crime, or committed certain specified offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(A)(B) and (E). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id.* *See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

Regarding the second step, there is a rebuttable presumption in favor of detention. It is difficult at a detention hearing to weigh the evidence in a conspiracy case; therefore, the Court declines to make a finding as to the weight of the evidence on Count 1. The weight of the evidence against Defendant on Count 2, however, is strong. On July 26, 2012, law enforcement observed what appeared to be a drug transaction involving Defendant and two other people in a restaurant parking lot. After leaving the parking lot, law enforcement conducted a traffic stop on Defendant's vehicle. Law enforcement found 14.45 grams of methamphetamine in Defendant's vehicle. In an interview with law enforcement, Defendant admitted possessing the methamphetamine found in his vehicle, owing money to his drug source in Rochester, Minnesota, and intending to sell the methamphetamine.

As a general proposition, the distribution of drugs constitutes a general danger to the community. The Court is particularly concerned with Defendant's propensity to commit additional crimes while on pretrial release and probation. Such actions suggest to the Court that Defendant is unlikely to comply with any terms or conditions it might impose for Defendant's release. That is, the Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Accordingly, there is no condition or combination of conditions that would assure the safety of the community if Defendant is released. Therefore, based on the serious nature and circumstances of the offense, Defendant's history of repeatedly violating pretrial release and probation, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (September 25, 2012) to the filing of this Ruling (October 1, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 1st day of October, 2012.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA